Nellie Gledhill, Administratrix (Estate of Ernest Gledhill) vs. The Connecticut Company et al.

Hinman, Banks, Avery, Brown and Jennings, Js.

Argued January 7th—decided February 5th, 1936.

*Joseph G. Shapiro,* with whom was *Melvin Fennell,* and, on the brief, *Harry A. Goldstein* and *Charles S. Brody,* for the appellant (defendant Graham).

*Samuel E. Friedman* and *Erwin E. Friedman,* with whom, on the brief, was *Alexander Harinstein,* for the appellee (plaintiff).

Avery, J. The plaintiff brought this action as administratrix of Ernest Gledhill, her husband, who was killed in an automobile accident in the town of Stratford on August 16th, 1934. In her complaint, she

alleged that his death was caused by the negligence of both defendants and by the heedless and reckless disregard of his rights by the defendant Graham. The case was tried to the jury which returned a verdict in favor of the defendant The Connecticut Company by direction of the court. This ruling was not appealed from and the question of its correctness is not involved. A verdict was returned in favor of the plaintiff against the defendant James Graham, and the latter has appealed.

The plaintiff claimed to have proved that James Graham, a resident of New York, while on a summer vacation, was visiting Ernest Gledhill, his brother-in-law, in Bridgeport. At about five o'clock in the morning of August 16th, they left for a fishing trip in an automobile owned by Gledhill and in which he was seated upon the front seat. Graham was driving at the request of Gledhill. They drove out into the town of Stratford along Ferry Boulevard which, at the place of the accident, consisted of two lanes of concrete pavement with a double line of trolley tracks between. In rounding a curve, the car was driven off the pavement onto the part occupied by the trolley tracks. Graham tried to get back onto the pavement, lost control of the car and drove it at high speed into a pole on the side of the road, causing injuries to Gledhill from which the latter died.

When the plaintiff rested her case, her counsel admitted in open court that there was no intentional misconduct on the part of the defendant Graham, nor was he guilty of any reckless or wanton disregard of the rights of others, and stated that she made no claim that the evidence established intentional or wanton misconduct, or heedless or reckless disregard of the rights of others. The defendant requested the court to charge the jury that Gledhill, at the time of the acci-

dent, was a guest in the automobile, and that the plaintiff could not recover without proof that the accident was caused by his intentional act or by his heedless or reckless disregard of the rights of Gledhill, and that if negligence only was shown no recovery could be had. The court refused to charge as requested but instructed the jury that if they found that the defendant had failed to use ordinary care in the speed or control of the automobile, as alleged in the complaint, whereby the plaintiff's decedent was killed, she could recover. The assignments of error pursued on this appeal relate to the action of the court in so charging and in failing to charge as requested, the claim of the defendant being that, upon the facts claimed to have been proved, Gledhill, at the time of the accident, was a guest in the automobile.

The statute (General Statutes, § 1628) provides: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of an accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." It denies to a certain class of passengers in an automobile a right to recover compensation from the owner or driver for injuries received by reason of the negligence of either in its operation, and the construction of the statute "should not be extended beyond the correction of the evils and the attainment of the permissible social objects which, it may be assumed, were the inducing reasons for its enactment." *Russell* v. *Parlee*, 115 Conn. 687, 692, 163 Atl. 404; *Silver* v. *Silver*, 280 U. S. 117, 122, 50 Sup. Ct. 57. "The purpose of this legislation was to deny a recovery for negligence against

one transporting in his automobile a member of his family, a social guest, or a casual invitee in an action brought by the recipient of his hospitality." *Bradley* v. *Clarke*, 118 Conn. 641, 643, 174 Atl. 72. It is plain that the person must be transported as a guest of the other party, and the transportation must be without payment in order that the provisions of the statute may apply. In *Walling* v. *Potter*, 35 Conn. 183, 185, in considering whether the relationship of innkeeper and guest arose, we said that "anyone away from home, receiving accommodations at an inn as a traveler, is a guest," and that "a guest is one who patronizes an inn as such." In Webster's New International Dictionary (2d Ed.) 1112, a guest is defined as "a person entertained in one's house or at one's table; a visitor entertained without pay; hence, a person to whom the hospitality of a home, club, etc., is extended." As used in the statute, the term imports that the person riding in a motor vehicle is a recipient of the hospitality of the owner or driver. *Chaplowe* v. *Powsner*, 119 Conn. 188, 191, 175 Atl. 470; *Crawford* v. *Foster*, 110 Cal. App. 81, 87, 293 Pac. 841; *Bree* v. *Lamb*, 120 Conn. 1, 3, 178 Atl. 919.

Upon the facts claimed, there is nothing which would have warranted the jury in concluding that at the time of the accident Gledhill was the guest of Graham. The two were riding in Gledhill's automobile. They were going fishing together. The automobile was being driven by Graham at Gledhill's request, and the latter was sitting on the front seat with the driver. There is nothing from which the inference could be drawn that Gledhill was enjoying the hospitality of Graham. The most that is indicated is that Graham was performing a gratuitous service for Gledhill. Proof of this fact does not make Gledhill the guest of Graham. To hold that if the owner of an

automobile is riding therein and a friend is driving, the owner is the guest of the friend simply because the friend is driving, would be to import into the statute a meaning not expressed by the Legislature.

There is no error.

In this opinion the other judges concurred.