Bella Naphtali, Appellant, and Mathias Naphtali, Appellant-Respondent, *v.* Irving Lafazan, Respondent-Appellant.

Second Department, May 4, 1959.

*Bernard Meyerson* (*Harry H. Lipsig* and *Mathias Naphtali* in person, of counsel), for appellant and appellant-respondent.

*Richard J. Relyea, II* (*H. Starr Giddings* of counsel), for respondent-appellant.

WENZEL, J.  The only questions raised on these appeals are legal, requiring interpretation of an Ohio statute which gives an owner and operator of a motor vehicle limited exemption from

liability for loss or damage arising from injuries to a guest while being transported in the motor vehicle (Ohio General Code, § 6308-6 [see Ohio Rev. Code, § 4515.02]).

The findings of the trial court, which are not attacked by any of the parties, are that the plaintiffs, Mr. and Mrs. Naphtali, residents of Brooklyn, New York, planned to take a trip in Mr. Naphtali's automobile and invited defendant and his wife to accompany them, that during the course of the ensuing trip, and on August 9, 1952, the vehicle overturned on a highway in Ohio, that all four persons were in the vehicle at the time, with the defendant driving, that both plaintiffs sustained personal injuries, that the vehicle was damaged, and that the expenses of the trip which were due to the operation of the vehicle were in the main borne by Mr. Naphtali.

The trial court further found that the accident happened because of negligent operation of the vehicle by defendant, but denied a recovery to Mrs. Naphtali for her injuries (1st cause of action) on the ground that her status at the time in question was that of a guest without payment for her transportation, within the meaning of the said Ohio statute, and that a recovery for a person in that status may not be granted under the statute unless the injuries were caused by willful or wanton misconduct. Mr. Naphtali was also denied a recovery for loss of Mrs. Naphtali's services and for medical expenses occasioned by her injuries (2d cause of action) on the theory that his right to recover therefor depended upon Mrs. Naphtali's right to recover general damage for her injuries. However, the trial court granted Mr. Naphtali a recovery for his own personal injuries (3d cause of action), holding that an owner of a motor vehicle may not be deemed a guest under the statute.

The Ohio statute is the governing law of the case because it was in Ohio that the accident occurred (see *Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62; *Smith* v. *Clute*, 277 N. Y. 407, 410). The statute, as in effect at the time of the accident, was as follows: "Sec. 6308-6. Liability of owners and operators of motor vehicles to guests. The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

There appears to be no judicial decision in Ohio directly on the issue of whether, by virtue of the statute, an owner of the

vehicle or his wife is precluded from recovery against the operator. We must look to decisions in that State on the subject generally for guidance, and also to decisions in other jurisdictions.

The Ohio rule of construction is that this statute, being in derogation of the common law, is to be construed " strictly, albeit reasonably " against the one who invokes it (*Clinger* v. *Duncan*, 166 Ohio St. 216, 219), and any exception in its provisions which would allow a claimant to escape application of the statute is to be construed liberally in favor of the claimant (*Miller* v. *Fairley*, 141 Ohio St. 327, 335). The statute " should not be extended by construction beyond the correction of the evils and the attainment of the object sought, or be so restricted as to defeat or impair those purposes " (*Voelkl* v. *Latin*, 58 Ohio App. 245, 253).

The purpose of the enactment of the statute was twofold, to activate the view that it is unfair for a guest to seek damages from one who has benefited or accommodated him and to furnish an antidote to fraudulent claims against insurance companies conceived by collusive host and guest (*Kitchens* v. *Duffield*, 149 Ohio St. 500; *Duncan* v. *Hutchinson*, 139 Ohio St. 185, 188; *Birmelin* v. *Gist*, 162 Ohio St. 98, 108; *Hasbrook* v. *Wingate*, 152 Ohio St. 50, 54, 55).

Similar statutes have been enacted in other States, and for the same purposes (see 5A Am. Jur., Automobiles and Highway Traffic, § 511; Ann. 111 A.L.R. 1011–1012). In some States a similar limited exemption from liability for injuries to guests has been the rule as the common law (*Massaletti* v. *Fitzroy*, 228 Mass. 487; *Cody* v. *Venzie*, 263 Pa. 541; *Boggs* v. *Plybon*, 157 Va. 30; *Jones* v. *Massie*, 158 Va. 121; *Epps* v. *Parrish*, 26 Ga. App. 399).

The Ohio statute does not define the word " guest " as used therein (*Lombardo* v. *De Shance*, 167 Ohio St. 431, 434). Nor, for that matter, does it define the phrase " without payment therefor ", that is, without payment for the transportation. However, in *Dorn* v. *Village of North Olmstead* (133 Ohio St. 375, 380) approval was given to the following definition: " ' A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company.' " As to " payment ", it is not essential that it be in the form of money (*Duncan* v. *Hutchinson*, 139 Ohio St. 185, 189, *supra*) and *Hasbrook* v. *Wingate* (152

Ohio St. 50, *supra*) " established the principle that the burden of proof " as to whether the injured person " was a paying passenger rather than a guest " was upon him or his representative, " that the status of a paying passenger may not come into being by mere payment of a small sum or the furnishing of gasoline, unless such payment or furnishing is made upon the basis of a contractual relationship with the owner or driver or a relationship where the rider renders a benefit service to the driver which is primarily for the attainment of some objective of the latter; that there must be such a relationship as will give the driver a right to recover in an action at law the reasonable or agreed value of the transportation service; and that the transportation must confer a benefit on the owner or driver beyond that incidental to hospitality or social good will " (*Birmelin* v. *Gist,* 162 Ohio St. 98, 105, *supra*).

It is our opinion that an owner of a motor vehicle and his wife may have the status of nonpaying guests in his motor vehicle, within the meaning of the Ohio statute, that whether one or the other of them actually has that status in any given case depends on the facts and circumstances in the case, subject to the presumption hereinafter mentioned which applies as to the status of the owner, and that in this case the evidence supports the trial court's findings that Mrs. Naphtali was a guest, without payment for her transportation, and that Mr. Naphtali was not a guest.

Our view that a wife may have the status of a nonpaying guest is based on the facts (1) that the Ohio statute does not expressly indicate that the wife of an owner is excepted from the said status, (2) that the reasons for the adoption of the statute apply at least as much, if not more, to a situation in which the claimant is the wife of the owner as to the case where it is otherwise, (3) that in the cases decided under Ohio law in which the claimants had a family relationship to the owners drivers the decisions were not controlled by the fact of the family relationship (*Beer* v. *Beer,* 52 Ohio App. 276; *Zaso* v. *De Cola,* 72 Ohio App. 297; *Hasbrook* v. *Wingate,* 152 Ohio St. 50, *supra*; *Letterel* v. *Cerniglia,* 274 App. Div. 896; *O'Hagan* v. *Byron,* 153 Pa. Superior Ct. 372), and (4) that in all the cases in which the question of the status of a wife as a nonpaying guest actually was at issue under a similar guest law of another jurisdiction the holdings were in accordance with this view (*Pepper* v. *Morrill,* 24 F. 2d 320; *Silver* v. *Silver,* 108 Conn. 371, affd. 280 U. S. 117; *Scotvold* v. *Scotvold,* 68 S. D. 53; *Phelps* v. *Benson,* 252 Minn. 457). The plaintiff wife in each of the cited cases was found to be a guest and not

entitled to recover for her injuries. (See, also, *Roberson* v. *Roberson*, 193 Ark. 669.) The fact of a family relationship between an injured passenger and the owner of the car would, if anything, militate against the possibility of finding that her transportation was for payment. In *Hasbrook* v. *Wingate* (*supra*) it was held that the fact that the plaintiff in that case was the defendant's mother-in-law rebutted the presumption that might otherwise prevail—that payment is expected in return for a service—and raised the presumptions that the service was rendered free of charge and that she was a guest.

Our view that the owner may be a nonpaying guest is premised on virtually the same basis on which we rely in the situation of the wife of an owner. The statute does not expressly except the owner, and we may not say that the Ohio Legislature overlooked situations in which an owner gives up control of his vehicle. The relationship between the owner and the person operating his vehicle is not one which in itself dispels the prospect, if otherwise present, of a collusive claim against an insurance carrier. In the cases in which the question of the owner's status was actually presented, again under the law of States other than Ohio, there have been decisions that the owner was not a guest (*Gledhill* v. *Connecticut Co.*, 121 Conn. 102; *Lorch* v. *Eglin*, 369 Pa. 314; *Ray* v. *Hanisch*, 147 Cal. App. 2d 742; *Gage* v. *Chapin Motors*, 115 Conn. 546), and also a decision to the contrary (*Phelps* v. *Benson*, 252 Minn. 457, *supra*). However, none of the decisions was based on any premise that the owner could under no circumstances be a guest. The decisions were all based on the particular facts in each of the cases, except that in the *Gledhill*, *Lorch* and *Ray* cases (*supra*) a presumption was indulged in that an owner who is present in his automobile while allowing another to operate it continues to retain control of the vehicle and is not a guest in the absence of evidence to the contrary. As was stated in *Ahlgren* v. *Ahlgren* (152 Cal. App. 2d 723, 725), "under ordinary circumstances an owner is not a guest."

In the *Phelps* case (*supra*), a pair of married couples, the Bensons and the Higginses, planned to take an automobile trip together and to share the expenses and the driving, and their decision to use the Higgins' automobile rather than the Benson car had nothing to do with the decision to take the trip. The determination of the court that the Higginses were guests in their own car (there was some question as to whether the car was owned by both of them or by Mr. Higgins alone) proceeded on the theory that neither couple went on the trip as a result of an invitation of the other, that the trip was planned for the

mutual benefit and pleasure of both couples, and apparently that the guest-host relationship was a shifting one, that is, that whoever happened to be driving at any particular time was the host at that time and the others were the guests. In the *Gage* case (115 Conn. 546, *supra*), the car had been repaired by defendant at the owner's request and was being driven in a road test by defendant's employee, with the owner present. The holding that the owner was not a guest was based on the theory that the use of the vehicle at the time was incidental to the contractual relationship of the parties, to accomplish the purposes of the contract, and therefore for the benefit not only of the owner but also of the defendant. In effect, the defendant still had control of the vehicle for the purpose for which it had been placed in his custody.

There are no special facts in the instant case that would impel a court to hold that the general rule is not applicable, that is, that under ordinary circumstances an owner is not a guest.

Mrs. Naphtali, not herself having a proprietary interest in the vehicle in question, or any right to exercise control over it, is in an entirely different position. Without the benefit of some special rule of exception, such as obtains in the case of an owner, and since she was in the vehicle by invitation, for her pleasure, and not primarily for the attainment of some objective of the defendant, we believe that, under the Ohio statute, she would not be entitled to recover for her injuries.

So far as Mr. Naphtali's claim for loss of services and for medical expense is concerned, the law of Ohio, unlike that of New York, is that the right of action therefor is not derivative, that is, it is "wholly distinct and separate" from the right to recover on the wife's cause of action (*Kraut* v. *Cleveland Ry. Co.*, 132 Ohio St. 125, 127; see, also, 41 C. J. S., Husband and Wife, § 401, pp. 890–891). It follows that the Ohio guest statute should not be considered to be an impediment to Mr. Naphtali's said cause of action merely because it is that to Mrs. Naphtali's cause of action. Bearing in mind that the statute should be construed strictly, we do not believe that it was the intent of the statute to bar a right of action to anyone who himself was not a guest under the statute and who does not claim through any right of action that belongs to a guest, and especially one who, as in this case, was host to the defendant operator.

The judgment, insofar as it is in favor of defendant against plaintiff Mathias Naphtali on the second cause of action, should be reversed, the second cause of action should be severed, and

a new trial should be granted as to said cause of action, with costs to abide the event.

The judgment, insofar as it is in favor of plaintiff Mathias Naphtali against defendant on the third cause of action and insofar as said judgment is in favor of defendant against the plaintiff Bella Naphtali on the first cause of action, should be affirmed, without costs.

BELDOCK, MURPHY and KLEINFELD, JJ., concur with WENZEL, J.; NOLAN, P. J., concurs in the affirmance of the judgment with respect to the first and third causes of action, but dissents from the reversal of the judgment with respect to the second cause of action, with the following memorandum: In my opinion plaintiff Mathias Naphtali's claim for the loss of his wife's services and for medical expenses incurred in connection with her injuries was properly dismissed, since it was for loss or damage *arising from* injuries to a guest, while being transported without payment therefor. Defendant Lafazan, as the operator of the motor vehicle in which Mrs. Naphtali was being transported as a guest, could not be held liable for such loss or damage under the law of the State of Ohio, and consequently plaintiff Mathias Naphtali may not recover therefor in this action.

Judgment, insofar as it is in favor of defendant against plaintiff Mathias Naphtali on the second cause of action, reversed, the second cause of action severed, and a new trial granted as to said cause of action, with costs to abide the event.

Judgment, insofar as it is in favor of plaintiff Mathias Naphtali against defendant on the third cause of action and insofar as said judgment is in favor of defendant against the plaintiff Bella Naphtali on the first cause of action, affirmed, without costs.