373 P.2d 925

**Boyd PETERSON, Plaintiff-Appellant,**

v.

**Jesse WINN, Defendant-Respondent.**

No. 9064.

Supreme Court of Idaho.

Aug. 6, 1962.

Gus Carr Anderson, Pocatello, for appellant.

Hugh C. Maguire, Jr., Pocatello, for respondent.

McFADDEN, Justice.

Decisive of the issues presented by this appeal is the answer to the question whether the owner of an automobile, injured while riding in it by the driver's negligence is a "guest without payment for such transportation", within the meaning of I.C. § 49–1401, which provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his intoxication or his reckless disregard of the rights of others."

Plaintiff states in his amended complaint:

"That at said time and place the defendant Jesse Winn requested of and from the plaintiff that he be permitted to drive said automobile for his own use and satisfaction and for his own pleasure in driving said automobile, the same being a late model car, and for the information and education of

said defendant and in response to such request, the plaintiff gave permission to the defendant to drive said automobile, and that the plaintiff rode in the front seat alongside the defendant who was driving as aforesaid; that the defendant requested permission to be given to him so that he could determine for his own use and benefit the quality of said automobile."

The amended complaint charged the defendant with certain nonintentional acts which would constitute negligence.

Defendant's motion for dismissal of the amended complaint was granted, the action dismissed, and this appeal perfected.

Two lines of authority have developed, in answer to the question decisive of this appeal. Without attempting to designate these lines of authority as either minority, or majority, numerically, at least, the authorities are in favor of appellant's contention that the plaintiff under the facts alleged was not a "guest without payment for such transportation." These two lines of authority can best be designated as the rule of Phelps v. Benson, 252 Minn. 457, 90 N.W.2d 533, relied on by respondent, and Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379, the foundation of the authorities relied on by appellant.

Appellant, in urging reinstatement of his amended complaint relies on the following decisions from other jurisdictions: Naph-tali v. Lafazan, 8 A.D.2d 22, 186 N.Y.S.2d 1010; Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732, and also quotes at length from an annotation dealing with this subject, 65 A.L.R.2d 312.

In the Phelps case (supra), the Minnesota court was interpreting the South Dakota guest statute, to resolve the question of whether representatives of a deceased owner of a motor vehicle could maintain an action against the driver on proof of simple negligence only. Two couples went on a trip together, the expenses being shared, the decedent and his wife furnishing their car. The couples traded off the driving, and at the time of the accident the defendant was riding in his own car without compensation. It was there held that evidence of only simple negligence of the driver was insufficient to award damages. In arriving at this conclusion the court referred to the legislative intent in adopting the guest statutes, applying the South Dakota statute similar to I.C. § 73–102, to the effect that the common law rule of strict construction of statutes in derogation of the common law shall not be applied, but that all statutes are to be liberally construed to effect their objects and promote justice. The court referred to the case of Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379, and pointed out that that case could be distinguished because in that jurisdiction the common law rule of strict construction of statutes in derogation of

the common law was in force. The Minnesota Court disapproved of the Connecticut interpretation of the term "guest" stating in 90 N.W.2d at 541:

"* * * we think that the dictionary definition of 'guest' followed in the Gledhill case and in the old cases dealing for the most part with inns and homes is too restrictive as applied to these motor vehicles guest statutes."

Also illustrative of this line of authority, see Murray v. Lang, 252 Iowa 260, 106 N.W.2d 643, which cited Phelps v. Benson (supra.) There the plaintiff's son, who was killed in the accident, and the defendant who was driving, were riding in plaintiff's car, on a trip serving the purpose of both boys. The court held in effect that the rider in an automobile, be he owner or total stranger, has the burden of removing himself from the status of a guest, if he is to recover for simple negligence only.

See also, Reiter v. Grober, 173 Wis. 493, 181 N.W. 739, 18 A.L.R. 362. Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 413, 147 A.L.R. 945, wherein it was stated:

"The owner of an automobile may be the operator's guest. Where the owner is the guest of the operator of his automobile, the operator's contributory negligence is not imputable to the owner, except where the operator is the owner's servant or agent or where the operator and the owner are engaged in a joint enterprise."

The other line of authority, relied on by appellant, primarily is based on the case of Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379. There plaintiff and one Graham were on a fishing trip together, using plaintiff's car. While Graham was operating the car, an accident occurred and plaintiff was injured. The court held plaintiff was not a guest. It was therein stated at page 381:

"To hold that if the owner of an automobile is riding therein and a friend is driving, the owner is the guest of the friend simply because the friend is driving, would be to import into the statute a meaning not expressed by the Legislature."

In Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732, dealing with a similar factual situation of an owner riding in his own car driven by another, the court reviewed many of the cases, and in determining whether the owner was a "guest without payment", stated at page 737:

"As used in the statute, the term 'guest without payment,' imports that the person riding in a motor vehicle is the recipient of the hospitality of either the owner or operator of the vehicle. One who pays for his trans-

portation is not a guest. If the consideration, in whatever form, given to the operator of the car is sufficient to induce the transportation of another, such transportation is not afforded as a matter of ordinary courtesy or upon a gratuitous invitation. It would hardly be logical to hold that Parker, the owner of the car, was being transported by Davis, without payment for such transportation, when Parker, in furnishing the use of his car, contributed to Davis the cost of the transportation, an equivalent of the rental value of the car.

"We find nothing in the facts which justify the holding that Parker, the owner of the car, lost his character of host and became the guest of Davis. We hold, under the evidence, that Parker was as a matter of law not a 'guest without payment.' There was no basis for the submission of the case to the jury on the theory that the plaintiff was required to establish that the defendant was guilty of gross negligence. Not occupying the status of a guest within the meaning of the statute, Parker was entitled to a recovery, if Davis was guilty of negligence which was the sole proximate cause of the accident."

The reasoning of the court in Wilson v. Workman, (U.S.Dist.Ct.Dela.), 192 F. Supp. 852, in analyzing the status of an owner who allows another to drive while the owner is still in the car, is forceful. There it was stated at page 855:

" 'The purpose of the statute is to protect one who, generously, without accruing benefit, has transported another in his vehicle.' It would run counter to this policy to read the statute to include the decedent. The evidence shows that defendant requested the privilege of driving the car. Decedent acquiesced. There is no proof or inference that by permitting defendant to drive, decedent obtained any desired benefit. Conversely, defendant continued to receive transportation at no cost with the added benefit of satisfying his desire to drive. If the statute should be construed to limit decedent's right to recover, as defendant urges, its purpose to protect one who generously provides another with transportation will be frustrated."

For other cases in accord with the rule of Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379, see: Helms v. Leonard, (D.C.Va.) 170 F.Supp. 143, and Leonard v. Helms, (C.C.A. 4th) 269 F.2d 48; Wilson v. Workman, (D.C.Dela.) 192 F.Supp. 852; Richards v. Eaves (Ala.), 135 So.2d 384; Ray v. Hanisch, 147 Cal.App.2d 742, 306 P.2d 30; Ahlgren v. Ahlgren, 152 Cal.

App.2d 723, 313 P.2d 88, and subsequent opinion, 185 Cal.App.2d 216, 8 Cal.Rptr. 218; Collie v. Aust, 173 Cal.App.2d Supp. 793, 342 P.2d 998; Thomas v. Hughes, 177 Kan. 347, 279 P.2d 286, 65 A.L.R. 2d 306 and annotation following, at page 312; Naphtali v. Lafazan, 7 Misc.2d 1057, 165 N.Y.S.2d 395, and 8 A.D.2d 22, 186 N.Y.S. 2d 1010; Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122; Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841; Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732.

Idaho in defining the term "guest without payment for transportation", in Buffat v. Schnuckle, 79 Idaho 314, 320, 316 P.2d 887, 891, quoted from 60 C.J.S. Motor Vehicles § 399(5), p. 1009, speaking of the term "guest", followed the general rule:

"'Generally speaking, within the meaning of such statutes, a guest is one who takes a ride in a car driven by another person, merely for his own pleasure or on his own business, and without making any return or conferring any benefit on the operator thereof; one who is carried in an automobile gratuitously, that is, one who gives no compensation for the carriage.'"

The court therein quoted from Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698, referring to the matter of "without compensation" as follows:

"'* * * to constitute one a passenger, not a guest, while the consid-

eration need not be payment of money, there must be contributed by the passenger to the driver of the car something substantial and of worth to the driver, i. e., commercial, not mere courtesy.'"

From the amended complaint nothing appears other than that at the inception of the trip the relationship of the parties was that the plaintiff-owner, was the host, and the defendant the guest. The granting of defendant's request to be permitted to drive was only an act of hospitality, and such permission to operate the vehicle could have been terminated by the plaintiff at any time. Defendant assuming the role of driver was merely receiving further acts of hospitality from the owner. Absent other facts indicating a different relationship, the status of the plaintiff was not that of a "guest without payment" as mentioned in I.C. § 49–1401. Hence facts amounting to negligence, proximately causing injuries to the plaintiff, are all that is required and not facts amounting to "reckless disregard of the rights of others."

Respondent contends that I.C. § 73–102 requires a liberal construction of I.C. § 49–1401, thus requiring rejection of the rule adopted in the cases following Gledhill v. Connecticut Co., (supra), in favor of the holding of Phelps v. Benson; this con-

tention, however, fails to consider a related statute, I.C. § 73–113 as follows:

"Construction of words and phrases. —Words and phrases are construed according to the context and the approved usage of the language, but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding section, are to be construed according to such peculiar and appropriate meaning or definition."

The line of authority following Gledhill v. Connecticut Co., gives to the word "guest" a normal, customary construction, and in view of the definition of the term in Buffat v. Schnuckle, 79 Idaho 314, 316 P.2d 887, respondent's contention is without merit.

Under the views expressed in this opinion, the other assignments of error become immaterial.

A claim for relief being stated, the amended complaint must be reinstated for further proceedings. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782.

The cause is reversed with instructions to reinstate appellant's amended complaint.

Costs to appellant.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.