**COONS, Richard C., Appellant,**

v.

**LAWLOR, Robert P., Appellee.**

No. 86–1088.

United States Court of Appeals, Third Circuit.

Argued Aug. 20, 1986.

Decided Oct. 15, 1986.

Alan L. Spielman (Argued), Lynn J. Benswanger, Alan L. Spielman, Ltd., Philadelphia, Pa., for appellant.

Benjamin E. Zuckerman (Argued), Sherr, Moses & Zuckerman, P.C., Norristown, Pa., for appellee.

Before BECKER, MANSMANN, Circuit Judges and TEITELBAUM, District Judge *.

OPINION OF THE COURT

BECKER, Circuit Judge.

Plaintiff Richard Coons, an Indiana citizen, appeals from the district court's grant of summary judgment in favor of defendant Robert Lawlor, a Pennsylvania citizen, in a diversity action for damages arising out of a one-car accident on a New Jersey highway. This appeal requires us to decide whether an owner can be a guest in his or her own automobile under the Indiana guest statute. Coons argues that the District Court erred in its interpretation of Indiana's guest statute when it held that, in the absence of evidence of wanton or wilful misconduct by the driver, the statute would bar Coons as an owner-passenger from recovering from Lawlor, the negligent driver of Coons's car. In view of our construction of Indiana law, we reverse the judgment of the District Court and remand for further proceedings.

I. *FACTS AND PROCEDURAL HISTORY*

The facts of this case are not in dispute. Lawlor is a citizen of Pennsylvania and

---

* Honorable Hubert I. Teitelbaum, United States District Judge for the Western District of Pennsylvania, sitting by designation.

Coons is a citizen of Indiana who holds an Indiana driver's license, registers his car in Indiana, and insures his car with an Indiana insurance carrier. At approximately 6:00 a.m. on June 18, 1983, the two began a trip to the New Jersey seashore. Shortly after they left Lawlor's Norristown, Pennsylvania home in Coons's car, Coons began to feel tired, and Lawlor relieved him at the wheel. At approximately 6:35 a.m., Lawlor fell asleep while driving in New Jersey, and the car struck a utility pole. As a result, Coons was injured and his car was damaged. To recover damages, he commenced this diversity action against Lawlor in the United States District Court for the Eastern District of Pennsylvania.

Upon Lawlor's motion, the district court granted summary judgment and dismissed the action. Looking to the conflicts law of the forum to decide what substantive law applied on the merits, *see Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the district court applied the governmental interest analysis first adopted by the Pennsylvania Supreme Court in *Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796 (1964). Pennsylvania had little interest in having its substantive laws applied to this case, held the district court, because "the purpose of the policy of allowing an injured party to recover damages is to allow injured Pennsylvanians to have a remedy[. I]t cannot be inferred that the interest of the policy is to protect a person from Indiana such as plaintiff here." At 6. Further, the court found that Coons was seeking the protection of "laws which would provide him a greater right [of recovery] than his own state provides for

him." *Id.* at 7. Quoting *Miller v. Gay*, 323 Pa.Super. 446, 470 A.2d 1353, 1356 (1983), for the proposition that "inhabitants of a state ... should not be accorded rights not given them by their home states," the district court held that Indiana substantive law should control.

The Indiana guest statute, Ind.Code Ann. § 9-3-3-1, was changed in 1984. P.L. 68-1984, § 2. At the time of the accident here at issue, the statute read:

The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner or person responsible for the operation of such motor vehicle.[1]

Because the courts of Indiana have had no occasion to decide whether an owner can be a guest in his own car for purposes of the earlier guest statute, the district court next attempted to predict how the highest court of Indiana would have decided the issue. The court first acknowledged the majority case law position from other states with guest statutes, which is that an owner cannot be a guest in his own car. The district court concluded that those cases construed statutes that had the sole purpose of fostering hospitality and deemed their reasoning inapplicable to the Indiana statute because, in addition to the hospitality rationale, Indiana's law is also intended to prevent collusive lawsuits that target insurance companies for damages. *See Sidle v. Majors*, 264 Ind. 206, 341

---

1. The new statute reads in relevant part:

   [T]he owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or the death of:
   (1) His parents;
   (2) His spouse;
   (3) His child or stepchild;
   (4) His brother;
   (5) His sister; or
   (6) A hitchhiker;

   resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother, sister or hitchhiker was being transported without payment therefor in or upon the motor vehicle, unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.

   "This act does not affect actions accruing before September 1, 1984." Ind.P.L. 68-1984, § 3.

N.E.2d 763 (1976). Finding "[t]he possibility of collusion ... just as great when the owner is a passenger as when the owner is the operator," the district court held that the Indiana Supreme Court would find that an owner could be a guest in his own car. The District Court therefore granted summary judgment because, given no evidence of wanton or wilful misconduct by the driver, Coons's request for damages was foreclosed by the Indiana guest statute. This appeal followed.

## II. *DISCUSSION*

The district court correctly noted that, in the tort law context, Pennsylvania adheres to the interest analysis approach to conflicts of law. *See Griffith v. United Air Lines, supra; see also In re Complaint of Bankers Trust,* 752 F.2d 874, 882 (3d Cir. 1984) ("under Pennsylvania choice of law principles, the place having the most interest in the problem and which is the most intimately concerned with the outcome is the forum whose law should apply"). However, we need not address the question of which state has the greater interest in having its law apply to the case at bar. We find that the Supreme Court of Indiana would not consider Coons a guest in his own car. Because Pennsylvania and New Jersey do not have guest statutes, all three states are in accord; we are therefore presented with a "false conflict" and need not choose among their laws.

### A. *False Conflicts: The Initial Inquiry in Choice of Law Analysis*

"The first question posed when choice of law appears to be at issue is whether a choice must really be made, *i.e.,* whether different sovereigns whose laws may arguably be applied to the case have laws which conflict in relevant ways. *See Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970)." *Melville v. American Home Assurance Co.,* 443 F.Supp. 1064, 1080 (E.D. Pa.1977), *rev'd on other grounds,* 584 F.2d 1306 (3d Cir.1978). If the various laws that might be applied to the case do not differ on the relevant issue, there is a false conflict. *See In Re: Complaint of Bankers Trust Co.,* 752 F.2d 874, 882 (3d Cir.1984); Scoles & Hay, *Conflict of Laws* § 2.6, at 17 & n. 8 (1984). Therefore, an examination of Indiana law is necessary at the outset.

### B. *The Indiana Guest Statute*

Because guest statutes bar a gratuitous guest from recovering from any but a wanton and maliciously negligent host, the question whether an owner can be a guest in his own automobile has arisen in at least a score of states where an injured owner-passenger seeks to recover from another person who negligently drove the owner's car.[2] Yet only two state Supreme Courts have chosen to label an owner-passenger a "guest;"[3] all others that have reached the question have held that the owner-passenger does not relinquish his position as host merely by relinquishing the steering wheel.[4]

Courts have utilized two principal lines of analysis to conclude that an owner-passenger is not a guest of the driver. Under the first, a court will look for interpretative guidance to the rationales that underly its guest statute. Most such courts have

---

**2.** *See* Annot., 65 A.L.R.2d 312 (1959) (citing cases).

**3.** *See Schlim v. Gau,* 80 S.D. 403, 125 N.W.2d 174 (1963); *Murray v. Lang,* 252 Iowa 260, 106 N.W.2d 643 (1960); *see also Phelps v. Benson,* 252 Minn. 457, 90 N.W.2d 533 (1958) (interpreting South Dakota law).

**4.** *See e.g., Crider v. Sneider,* 243 Ga. 642, 256 S.E.2d 335 (1979); *Satterfield v. Satterfield,* 448 S.W.2d 456 (Tex.Sup.1969); *Prosch v. Cater,* 252 Or. 63, 448 P.2d 380 (1968); *Summers v. Summers,* 40 Ill.2d 338, 239 N.E.2d 795 (1968); *Degenstein v. Ehrman,* 145 N.W.2d 493 (N.D.1966);

*Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20 (1962); *Peterson v. Winn,* 84 Idaho 523, 373 P.2d 925 (1962); *Henline v. Wilson,* 111 Ohio App. 515, 174 N.E.2d 122 (1960); *Parker v. Leavitt,* 201 Va. 919, 114 S.E.2d 732 (1960); *Naphtali v. Lafazan,* 7 Misc.2d 1057, 165 N.Y.S.2d 395 (1957), *aff'd* 8 A.D.2d 22, 186 N.Y.S.2d 1010; *Ahlgren v. Ahlgren,* 152 Cal.App.2d 723, 313 P.2d 88 (1957); *Lorch v. Eglin,* 369 Pa. 314, 85 A.2d 841 (1952); *Gledhill v. Connecticut,* 121 Conn. 102, 183 A. 379 (1936); *see also Baldwin v. Hill,* 315 F.2d 738 (6th Cir.1963) (construing Michigan law).

found that one purpose of a guest statute is to foster hospitality,[5] and they have recognized that the owner-passenger is the one who extends the hospitality to the driver by furnishing the automobile. *See, e.g., Crider v. Sneider,* 243 Ga. 642, 256 S.E.2d 335, 338 (1979); *Summers v. Summers,* 40 Ill.2d 338, 239 N.E.2d 795, 797–98 (1968); *Degenstein v. Ehrman,* 145 N.W.2d 493, 499 (N.D.1966); *Baldwin v. Hill,* 315 F.2d 738, 740–41 (6th Cir.1963); *Peterson v. Winn,* 84 Idaho 523, 373 P.2d 925, 928 (1962); *see also Wilson v. Workman,* 192 F.Supp. 852, 855 (D.Del.1961). The owner-passenger therefore remains the host and the driver is considered the guest.

The second line of analysis looks to the words of the statute and finds that an owner-passenger is not a "guest . . . transported without payment therefor." Because the owner-passenger has furnished the driver with a significant benefit—the use of an automobile—the owner cannot be considered a gratuitous guest as is required by the statute. *See, e.g., Crider v. Sneider,* 243 Ga. 642, 256 S.E.2d 335, 338 (1979); *Degenstein v. Ehrman,* 145 N.W.2d 493 (N.D.1966).

The district court attempted to refute the first line of analysis by distinguishing the cases that relied on it on the basis that "Indiana finds that the purpose of guest statutes in addition to fostering hospitality is also to prohibit collusive suits which target insurance companies for damages." Slip op. at 9. In support of that proposition, the Court cited *Sidle v. Majors,* 264 Ind. 206, 341 N.E.2d 763 (1976), in which the Indiana Supreme Court upheld its guest statute against a state constitutional challenge because, among other reasons,

the statute was justified as a means to minimize collusive lawsuits.[6] The court did not address the second, linguistic line of reasoning.

Upon scrutiny, however, it appears that the collusion rationale for the Indiana guest statute is extremely problematic. When the Seventh Circuit considered whether the Indiana guest statute violated the Fourteenth Amendment to the United States Constitution,[7] the court found that the collusion rationale advanced by the Supreme Court of Indiana was indefensible because "the relationship between the legitimate goal . . . and the remedy . . . is so attenuated as to be unreasonable." *Sidle v. Majors,* 536 F.2d 1156, 1158 (7th Cir.), *cert. denied,* 429 U.S. 945, 97 S.Ct. 366, 50 L.Ed.2d 316 (1976). Moreover, in other contexts, the Supreme Court of Indiana has itself rejected the collusion rationale for barring recovery. In abrogating interspousal immunity, the court explicitly rejected precisely the same collusion rationale:

> To adopt such a view requires the blanket assumption that our court system is so ill-fitted to deal with such litigation that the only reasonable alternative to allowing [such] litigation is to summarily deny all relief to this class of litigants. It should be noted that this "reasonable alternative" is absolutely contrary to the spirit of our legal system—namely, an injured party may seek redress for his injuries in our courts.

*Allstate Ins. Co. v. Boles,* 481 N.E.2d 1096, 1099 (Ind.1985), *quoting Brooks v. Robin-*

---

5. The collusion rationale, discussed *infra,* is also recognized in many of these cases as a possible justification for the enactment of a guest statute. *See, e.g., Degenstein v. Ehrman,* 145 N.W.2d 493, 502 (N.D.1966).

6. Pursuant to former Rule 15N of the Indiana Rules of Appellate Procedure, the United States Court of Appeals had certified the following questions to the Indiana Supreme Court:
   "1. Does the Indiana Guest Statute contravene Article 1, Section 12 of the Indiana Constitution?"

"2. Does said Act contravene Article 1, Section 23 of the Indiana Constitution."
*See Sidle v. Majors,* 536 F.2d 1156, 1157 (7th Cir.), *cert. denied,* 429 U.S. 945, 97 S.Ct. 366, 50 L.Ed.2d 316 (1976); *Sidle,* 341 N.E.2d at 115.

7. After the Supreme Court of Indiana rejected the state constitutional challenges to the guest statute in *Sidle v. Majors,* the Seventh Circuit went on to test the statute under the Equal Protection Clause of the Fourteenth Amendment.

*son,* 259 Ind. 16, 21, 284 N.E.2d 794, 797–97 (1972).[8]

We also note that the collusion rationale is not unique to the Indiana legislation. *See, e.g., Gallegher v. Davis,* 7 Harr. 380, 37 Del. 380, 183 A. 620 (Del.1936) (indicating that the Delaware guest statute was enacted to mitigate collusive lawsuits to collect insurance). In examining whether an owner-passenger should be considered a guest, a number of courts have found collusion a weak rationale that does not outweigh the import of the stronger hospitality rationale:

> But a guest statute is no final answer to collusion. It is still possible for the dishonest to fabricate evidence to support the higher degree of fault required by the statute. 2 Harper & James, Torts 961 (1956). Moreover, there is another purpose which has been ascribed to the guest statute. *Engle v. Poland, supra,* 8 Terry [365] at page 328 [47 Del. 365], 91 A.2d [326] at page 328, states:
>
> > "The purpose of the statute is to protect one who, generally, without accruing benefit, has transported another in his vehicle."
>
> It would run counter to this policy to read the statute to include [an owner-driver].... If the statute should be construed to limit the decedent's right to recover, as defendant urges, its purpose to protect one who generously provides another with transportation will be frustrated.

*Wilson v. Workman,* 192 F.Supp. 852, 855 (D.Del.1961) (interpreting Delaware law), *quoted in Degenstein v. Ehrman,* 145 N.W.2d 493, 502 (N.D.1966).

The foregoing discussion demonstrates how tenuous is the district court's reliance on the collusion rationale as the basis for its holding. We need not, however, speak definitively on the relative merits of the hospitality rationale and the collusion ratio-

nale. Given Indiana's history of narrowly interpreting its guest statute, we find that its Supreme Court would pursue the second, linguistic line of analysis, which the district court did not address, and would rely on the words of the statute to find that an owner-passenger is not a "guest ... transported without payment therefor."

Generally speaking, Indiana courts strictly construe statutes in derogation of common law. *See Stayner v. Nye,* 227 Ind. 231, 85 N.E.2d 496, 499 (1953); 26 *Indiana Law Encyclopedia Statutes* § 177. Other states that strictly construe statutes in derogation of common law find that an owner-passenger is not a guest. *See, e.g., Henline v. Wilson,* 111 Ohio App. 515, 174 N.E.2d 122 (1966). In contrast, those states finding that their guest statutes bar owner-occupants from recovering from negligent drivers do not construe statutes strictly when they are in derogation of the common law. *See, e.g., Schim v. Gau,* 80 S.D. 403, 125 N.W.2d 174, 176–77 (1963).

Consistent with the majority approach, Indiana courts have strictly construed the state's guest statute by providing a narrow construction for the phrase "guest without payment." The term "guest" has been read narrowly, requiring both an invitation on the part of the operator and an acceptance on the part of the guest. *See, e.g., Fuller v. Thrun,* 109 Ind.App. 407, 31 N.E.2d 670 (1941) (seven year old infant incapable of entering into the consensual status of "guest"); *Long v. Archer,* 221 Ind. 186, 46 N.E.2d 818 (1943) (employee acting within the course of his employment is not a "guest" of employer). Concurrently, Indiana courts have also found "payment" where the alleged consideration was quite small. *See, e.g., Lawson v. Cole,* 124 Ind.App. 89, 95–96, 115 N.E.2d 134 (1953) (passenger's agreement to pay for gas, oil and food constituted payment); *Kempin v.*

---

**8.** We are aware that in *Sidle, supra,* the Supreme Court of Indiana attempted to distinguish *Brooks* on the basis that interspousal immunity was created by the judiciary and was therefore subject to its abolition, while the guest statute was a creature of the legislature that the judiciary was not at liberty to abolish. In this case,

however, the issue does not concern abrogation but interpretation. As such, "this court must adopt the role which represents the fairest, most logical and well reasoned view." *Holbrook v. Ramsey,* 254 F.Supp. 94 (N.D.Ill.1966), *quoted in Hershberger v. Brooker,* 421 N.E.2d 672, 676 (Ind.App.1981).

*Mardis,* 123 Ind.App. 546, 111 N.E.2d 77 (1953) (passenger not "guest" when he had regularly paid for gas, even though he hadn't paid on the day of the accident); *Ott v. Perrin,* 116 Ind.App. 315, 63 N.E.2d 163 (1945) (passenger not "guest" when he and driver alternated driving each other to work).

In the case at bar, we believe that the Supreme Court of Indiana would follow the majority rule and would not consider Coons a guest of Lawlor because Coons, as owner of the automobile, needed no invitation from Lawlor and therefore would not be his "guest." *Cf. Satterfield v. Satterfield,* 448 S.W.2d 456, 459–60 (Texas 1969) (owner-occupant "needed no invitation, express or implied, before he had the right to ride in his own vehicle"); *Parker v. Leavitt,* 201 Va. 919, 114 S.E.2d 732, 737 (1960) (driver did not invite owner-occupant). Additionally, because Coons furnished Lawlor with the use of his automobile, we believe that the Indiana Supreme Court would find that Coons was not "transported without payment therefor." *Cf. Henline v. Wilson,* 111 Ohio App. 515, 174 N.E.2d 122, 126 (1960) (use of automobile considered "payment"), *citing Duncan v. Hutchinson,* 139 Ohio St. 185, 189, 190, 39 N.E.2d 140, 142 (1942); *Parker v. Leavitt,* 201 Va. 919, 114 S.E.2d 732, 737 (1960) (same). Therefore, Coons was not a "guest … transported without payment therefor" and he is not barred from recovering by Indiana's guest statute so long as he can prove simple negligence.

The judgment of the district court will therefore be reversed, and the case remanded for further proceedings consistent with this opinion.