The plaintiff, Elizabeth Karen George, a minor who sued through her father, Cletus George, as next friend, was injured when the automobile in which she was a guest passenger ran a red light and collided with another vehicle. The accident occurred on April 10, 1988, in Madison County, Alabama. Karen sued Champion Insurance Company under the underinsured motorist provisions of three insurance policies that her father had purchased. She claimed, among other things, that the conduct of the driver of the vehicle in which she was a passenger was wanton, and, therefore, that Champion, as her father's carrier of underinsured motorist coverage, was obligated to her.
On May 28, 1991, the trial court entered a summary judgment in favor of Champion on all issues. The plaintiff appeals the summary judgment, but only as to the issue of wantonness.[1] We affirm.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
The Alabama Guest Passenger Statute, § 32-1-2, applies to the present case. It provides as follows:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle resulting from the operation thereof unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
In Central Alabama Elec. Cooperative v. Tapley, 546 So.2d 371,379 (Ala. 1989), this Court set forth a test for wantonness:
 "What constitutes wanton misconduct depends upon the facts presented in each particular case. Brown v. Turner, 497 So.2d 1119 (Ala. 1986); Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972); Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97
(1970). In Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala. 1987), the majority *Page 854 
of this Court made it perfectly clear that wantonness, which requires some degree of conscious culpability, is not to be confused with negligence (i.e. mere inadvertence):
 " 'Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury. . . ."
 " 'Negligence is usually characterized as inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. "Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." McNeil v. Munson S.S. Lines, 184 Ala. 420, 425, 63 So. 992 (1913). . . .' "
546 So.2d at 379. (Emphasis added in Tapley.) See also YamahaMotor Co. v. Thornton, 579 So.2d 619, 623 (Ala. 1991).
We must determine whether the facts of this case present substantial evidence of wantonness. If not, the summary judgment was proper. The facts before the trial judge were that the plaintiff, Elizabeth Karen George, age 16, was the passenger in an automobile driven by her best friend, Shannon Plaiss, also 16. The two were going to a birthday party. Shannon was driving a white 1979 Ford Pinto automobile, proceeding south on Memorial Parkway in Huntsville. It was a full car. Shannon was driving, Scott White was sitting in the front passenger seat, Karen's sister Paula was sitting beside White. Karen and her sister Kelly George were in the rear seat. It was Sunday afternoon and a clear day. The occupants of the car were engaged in conversation. As the car approached the intersection of the Parkway and Golf Road, Shannon saw that the traffic light was green. She glanced back in conversation. When she looked forward, the traffic light was red. Scott cried out for her to stop. Shannon testified in her deposition that she tried to put her foot on the brake pedal, but missed and hit the clutch pedal. She ran the red light, and her automobile collided with a vehicle that was turning left in front of her.
We conclude that the facts of this case, when viewed in a light most favorable to the plaintiff, do not provide substantial evidence of the requisite elements of wantonness on the part of the driver of the vehicle. While the facts show inadvertence on the part of the driver, they do not amount to wantonness, which requires some degree of conscious culpability. Joseph v. Staggs, 519 So.2d 952, 954 (Ala. 1988). For that reason, we find that the trial judge did not err in entering the summary judgment for Champion Insurance Company on the wantonness claim.
AFFIRMED.
HORNSBY, C.J., and MADDOX,
HOUSTON and STEAGALL, JJ., concur.
[1] All other claims have been settled.