Evelyn R. and Richard Cash appeal from a summary judgment in favor of the defendant, Mary C. Caldwell, in a case brought against her as the driver of an automobile. The question is whether the plaintiffs were "guests" or were "passengers" within the meaning of the Alabama Guest Statute, § 32-1-2, Code of Alabama 1975. The trial court entered the summary judgment in favor of the defendant, holding that the plaintiffs were guests as a matter of law. We reverse and remand.
In April 1988, Evelyn and Richard Cash left their home in California for a trip of several weeks across the country in their mobile home. They planned to stop in Birmingham to see Richard's sister, Mary Cash Caldwell, and his mother, Mrs. Sweatt, who was ill. While the Cashes were in Texas, Richard telephoned Mary, and she asked them to come to Birmingham because their mother's condition was deteriorating and she needed help.
On April 18, 1988, Evelyn drove with Mary to take Mrs. Sweatt to see her physician in Birmingham. The doctor admitted Mrs. Sweatt to the hospital immediately. Mary and Evelyn returned home to retrieve Mrs. Sweatt's personal belongings. That evening Mary, Evelyn, and Richard returned to the hospital to see Mrs. Sweatt.
The three left the hospital in Mary's automobile, just as it was beginning to rain. Mary was driving, Richard was in the right front seat, and Evelyn was in the right back seat. All three were wearing seat belts. It began raining very hard, and soon there was three to four inches of water on the road. As Mary began to make a sharp left turn, the car went into a counterclockwise spin and hit a telephone pole. Evelyn was seriously injured when her side of the car was crushed as it hit the telephone pole. On April 16, 1990, Evelyn and Richard sued Mary; Evelyn sought damages based on her personal injuries arising out of the accident, and Richard sought damages based on an alleged loss of consortium.
On December 16, 1991, Mary moved for a summary judgment, claiming that Evelyn was a guest in the car and was therefore barred from suing her, as the automobile driver, under §32-1-2, Code of Alabama 1975. The trial judge concluded (1) that both Evelyn and Richard were "guests" in Mary's car, so, as a matter of law, under § 32-1-2, they could have no recovery based on negligence and (2) that the plaintiffs had presented no evidence of wanton or willful conduct on Mary's part to defeat Mary's properly supported motion for summary judgment.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving *Page 1003 
party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
We must determine whether the trial court erred in holding that the Cashes were "guests" as a matter of law. The Cashes contend that they were "passengers," and thus are not barred from suing under the Alabama Guest Statute, § 32-1-2. They argue further than if the legislature had intended to limit liability in family relationships in all situations, it would have so provided in the Guest Statute.
Section 32-1-2 reads as follows:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
The statute does not define the word "guest"; therefore, we must look to case law. In Wagnon v. Patterson, 260 Ala. 297,303, 70 So.2d 244 (1954), this Court stated as follows:
 " 'The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, goodwill or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and [the] driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.' "
Quoting Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87
(1949).
The facts in this case would permit a factfinder to conclude that the Cashes were promoting their own mutual interest and that of their sister and sister-in-law in caring for Richard and Mary's ailing mother. They establish that Mary asked her brother and his wife to come to Birmingham earlier than they had planned to, in order to help her with the care of the ailing mother. We cannot say, as a matter of law, that the Cashes were "guests" within the meaning of the Guest Statute under these circumstances. Whether the Cashes were guests or were passengers is a question for the jury, and that question should not have been determined by the trial judge as a matter of law. Roe v. Lewis, 416 So.2d 750 (Ala. 1982); Sellers v.Sexton, 576 So.2d 172 (Ala. 1991).
We next consider whether the trial court erred in holding that there was no evidence of wanton or willful conduct on the part of the defendant. Wantonness is a question of fact for the jury, unless there is a total lack of evidence from which the jury could reasonably infer wantonness. McDougle v. Shaddrix,534 So.2d 228, 231 (Ala. 1988). In this case Mary, Evelyn, and Richard all testified that Mary was driving cautiously at about 5 m.p.h. at the time of the collision. Therefore, the defendant *Page 1004 
made a prima facie showing that she had not acted wantonly or willfully, and the plaintiffs did not rebut that showing. The trial judge properly entered the summary judgment as to this issue. George v. Champion Insurance Co., 591 So.2d 852 (Ala. 1991).
The judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.