The plaintiff, Myra Dorman, appeals from a summary judgment entered in favor of the defendants, Jeanette Jackson and Bobby Jackson.[1]
On August 20, 1990, Ms. Dorman was injured in an automobile accident; she was a passenger in a car driven by Jeanette Jackson. She was riding in the front of the car in the passenger's seat when Ms. Jackson turned left at an intersection, crossing the northbound lanes of traffic. A car in the northbound lane struck Ms. Jackson's car. The police accident report indicated that Jackson was at fault for failing to yield the right of way to the car in the northbound lane.
At the time of the accident, Dorman and Jeanette Jackson were co-workers. They had ridden to work together several times before the accident. Three weeks before the accident, Dorman's daughter had been the babysitter for Ms. Jackson's son while Ms. Jackson was at work. According to Dorman, Ms. Jackson agreed to drive her own car to work so that Dorman's daughter could use Dorman's car to transport Ms. Jackson's child while she was babysitting. Ms. Jackson did not charge Dorman for the ride to work, and Dorman did not offer to pay Ms. Jackson.
Dorman sued Ms. Jackson, alleging, inter alia, negligence and wantonness. Jackson moved for a summary judgment, arguing that the Guest Statute barred any claim of negligence and contending that there was no evidence of wantonness. The trial court entered a summary judgment in favor of Jackson.
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting "substantial evidence" showing the existence of a genuine issue of material fact. Ala. Code 1975, § 12-21-12. Hope v. Brannan,557 So.2d 1208 (Ala. 1990). The evidence will be viewed in a light most favorable to the nonmoving party. King v. Winn-Dixieof Montgomery, Inc., 565 So.2d 12 (Ala. 1990).
Dorman argues that the trial court erred in entering the summary judgment. She says the Guest Statute did not bar her claim of negligence, because, she argues, Ms. Jackson received a benefit by giving Dorman a ride. Dorman further argues that Jackson's benefit was in providing Dorman's daughter with a car so that the daughter could take Ms. Jackson's child on outings.
The Alabama Guest Statute, § 32-1-2, Ala. Code 1975, provides:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
If the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than hospitality, goodwill, or the like are conferred on the person furnishing the transportation, then the rider is a "guest." If the transportation
 "tends to promote the mutual interest of both [the rider] and the driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or if the rider accompanies the driver at the instance of the driver for the purpose of having the rider render a benefit or service to the driver on a trip that is primarily for the attainment of some objective of the driver, the rider is a 'passenger for hire' and not a 'guest.' " *Page 1058 
Sellers v. Sexton, 576 So.2d 172, 174 (Ala. 1991), citingWestbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97 (1970) (other citations omitted).
We find a question of fact that should be determined by a jury. A jury could consider that Dorman and Ms. Jackson had a business relationship because of the babysitting arrangement. Therefore, we reverse the summary judgment as to the negligence claim and remand for further proceedings on that claim.
The second issue is whether the trial court erred in entering the summary judgment as to the wantonness claim. Dorman argues that Ms. Jackson acted with reckless misconduct — that she purposefully crossed the northbound lane of traffic without looking, even though her view was unobstructed. Ms. Jackson contends that she did not see the oncoming car and that any act on her part was merely inadvertent.
 " 'Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury. . . .
 " 'Negligence is usually characterized as inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. 'Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.' McNeil v. Munson S.S. Lines, 184 Ala. 420, 425, 63 So. 992 (1913)."
Central Alabama Elec. Cooperative v. Tapley, 546 So.2d 371, 379
(Ala. 1989) (emphasis added in Tapley).
The evidence indicates that Ms. Jackson slowed down before crossing the northbound lanes of traffic, and she stated that she merely failed to see the oncoming car. The facts here are distinguishable from these in Osborne Truck Lines, Inc. v.Langston, 454 So.2d 1317 (Ala. 1984). In Osborne, a tractor-trailer truck collided with an oncoming vehicle. The truck driver failed to stop or slow down, and there was evidence that the driver was fatigued from the inordinate length of time he had been driving the truck.
The present case is similar to George v. Champion InsuranceCo., 591 So.2d 852 (Ala. 1991), where the defendant driver, while engaged in conversation with passengers in the car, ran a red light and collided with an oncoming vehicle. In George, this Court held that the plaintiff had failed to present substantial evidence of wantonness.
Viewing the evidence in a light most favorable to the plaintiff, we conclude that she failed to present substantial evidence of wantonness. Therefore, the trial court properly entered the summary judgment in favor of Jackson on the wantonness claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES and HOUSTON, JJ., concur.
MADDOX, J., concurs specially.
[1] The plaintiff has presented no arguments as to Bobby Jackson.