682 So.2d 463 (1995)
Barbara HUGHES
v.
Katina Latrice ANDERSON.
2940970.
Court of Civil Appeals of Alabama.
September 29, 1995.
Rehearing Denied November 3, 1995.
*464 Amy M. Shumate, Dothan, for Appellant.
Steadman S. Shealy, Jr. and Richard E. Crum of Cobb & Shealy, P.A., Dothan, for Appellee.
MONROE, Judge.
This is an appeal from entry of summary judgment in a personal injury case arising from an automobile accident.
Barbara Hughes alleges that she was injured in an automobile accident that occurred on August 27, 1992, while she was riding in the back seat of an automobile she owned, but which was being driven by Katina Latrice Anderson. The accident occurred when Anderson, attempting to turn left at an intersection, crossed the oncoming lane of traffic. Anderson admitted that her view of oncoming traffic was obscured by vehicles stopped on the inside lane of traffic. Unable to see the oncoming car of Patricia Dansby, *465 Anderson turned Hughes's car into the path of Dansby's car, causing a collision.
Hughes sued Dansby, alleging negligence and wantonness, against Dansby. Hughes later amended her complaint to add Anderson as a defendant and voluntarily dismissed Dansby. Anderson moved for a summary judgment, arguing that Hughes's claim was barred by the Alabama Guest Statute, § 32-1-2, Ala.Code 1975. Anderson supported her motion with a brief and with her affidavit relating the facts surrounding the accident. In her affidavit, Anderson stated, "I looked to see if any other vehicles were coming before I turned, but I could not see Mrs. Dansby's vehicle because other cars were stopped on the inside lane. I turned in front of Mrs. Dansby and she was unable to stop because the road was wet and slippery."
Hughes responded to Anderson's motion with the argument that, under the statute, she could recover if Anderson had wantonly caused Hughes's injuries; she contended that there was sufficient evidence of wanton conduct to create a question of fact that should be submitted to a jury. She supported her response with Anderson's affidavit. Hughes argued that the facts, as presented by Anderson, could support a finding of wantonness, because they indicated that Anderson drove into the intersection when she could not see oncoming traffic. The trial court entered a summary judgment in Anderson's favor. Hughes appealed to the Alabama Supreme Court, which deflected the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A summary judgment is proper only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala. R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the nonmoving party must rebut that showing by presenting "substantial evidence" creating a genuine issue of material fact. § 12-21-12, Ala.Code 1975; Dorman v. Jackson, 623 So.2d 1056 (Ala. 1993) (citations omitted). "[S]ubstantial evidence" is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved. West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989). In reviewing the evidence presented to the trial court, this court must view that evidence in the light most favorable to the nonmoving party, and it must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
The Alabama Guest Statute, § 32-1-2, Ala. Code 1975, provides:
"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
Hughes claims that the trial court erred in entering the judgment against her on her wantonness claim. Wantonness requires some degree of conscious culpability, and it is not to be confused with negligence, which requires mere inadvertence. Yamaha Motor Co. v. Thornton, 579 So.2d 619, 623 (Ala.1991).
"`Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury.'"
Central Alabama Elec. Cooperative v. Tapley, 546 So.2d 371, 379 (Ala.1989) (quoting Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 145 (Ala.1987)) (emphasis added in Tapley).
For an action to be wanton, it is not necessary that the actor know that a person is within the zone made dangerous by the actor's conduct; it is sufficient that the actor knows that there is a strong possibility that *466 someone might come within the zone. Hamme v. CSX Transp., Inc., 621 So.2d 281, 283 (Ala.1993). Neither does wantonness require an intent to injure another; but may consist of an inadvertent act or failure to act, when the one failing to act has knowledge that another is imperiled by the act or failure to act and the act or omission is in reckless disregard of the consequences. Id. The actor's knowledge may be proved by showing circumstances from which the fact of knowledge is a reasonable inference. Id.
Therefore, a wantonness count should go to a jury if there is substantial evidence from which a jury could reasonably infer that Anderson acted with "knowledge of the danger or a consciousness that injury was likely to result from an act or an omission to act." Id. (citation omitted).
Anderson's affidavit shows that she entered an intersection while the pavement was wet and slippery and that she attempted to turn left across the oncoming lane of traffic without being able to see whether the oncoming lane was clear of other vehicles. A jury could reasonably find this to be an act done with reckless disregard for the safety of her passengers. While Anderson relies on this evidence to show that she did not act wantonly, that evidence, as Hughes argues, could also support a finding that she acted with reckless indifference to the knowledge that injury could result, thereby creating a genuine issue of material fact. Because there was substantial evidence from which a jury could infer wanton conduct, the question of wantonness should have been submitted to a jury. The summary judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN and CRAWLEY, JJ., dissent.
THIGPEN, Judge, dissenting.
Anderson's affidavit was the only evidence presented to support or to oppose the motion for a summary judgment. The burden was on Anderson, as the moving party, to make a prima facie showing that there was no genuine issue as to any material fact, and that she was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party." Capital Alliance Insurance Company v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). Additionally, in reviewing the disposition of a motion for summary judgment, the appellate court utilizes the same standard as the trial court. ANCO TV Cable Co. v. Vista Communications Ltd., 631 So.2d 860 (Ala.1993).
The scant record reveals that on numerous occasions, the trial court granted Hughes's requests for continuances and multiple extensions of time to respond to the motion. Ultimately, Hughes filed a responsive pleading stating reliance on the definition of wantonness, citing the guest statute, and asserting that Anderson's affidavit provided "substantial evidence of wanton conduct."
When Hughes failed to appear for the scheduled hearing in March, the trial court again reset the hearing, warning that "[t]his case will not be continued again." Notwithstanding the trial court's repeated leniency and warnings, Hughes failed to provide any additional evidence and again failed to appear at the hearing.
The undisputed facts are that, as a favor to Hughes, Anderson was driving Hughes to her doctor. Before turning onto North Alice Street, Anderson "looked to see if any other vehicles were coming." Anderson did not see Dansby's approaching vehicle because the view was obstructed by other vehicles stopped in an inside lane, and, in Anderson's opinion, Dansby was unable to stop her vehicle due to the conditions of the road.
Viewing the undisputed facts of this case most favorably towards Hughes might support a conclusion that Anderson's act of pulling into the visually-obstructed intersection after failing to see any approaching vehicle, may have been due to negligence. George v. Champion Insurance Co., 591 So.2d 852 (Ala. 1991). The record is devoid of any evidence of wanton or willful conduct on the part of Anderson, and, at most, the only reasonable *467 inference that can be drawn from the evidence is that Anderson "failed to exercise good judgment in executing the turn." Partridge v. Miller, 553 So.2d 585, 588 (Ala. 1989). In factually similar cases, our Supreme Court has held that summary judgment was proper on the issue of wantonness where, as here, the driver merely failed to see an oncoming car. Dorman v. Jackson, 623 So.2d 1056 (Ala.1993); George, supra. Clearly, Anderson made a prima facie showing that there was no genuine issue of material fact regarding wantonness, i.e., "that she had not acted wantonly or willfully," and that she was entitled to a judgment as a matter of law on Hughes's claim under the guest statute. Cash v. Caldwell, 603 So.2d 1001, 1004 (Ala.1992). Accordingly, the burden shifted to Hughes.
Although Hughes obviously recognized that the burden shifted to her, and that she was required to provide substantial evidence to rebut Anderson's prima facie showing, Hughes provided nothing. Hughes's argument that Anderson's affidavit provides "substantial evidence" that Anderson "acted in conscious disregard for the safety" of Hughes requires the illogical conclusion that the same undisputed evidence which negated the existence of wantonness also provided "substantial evidence" to create a genuine issue regarding wantonness. Mere logic dictates that Anderson's affidavit cannot negate and create a genuine issue of material fact on the same subject. While I note that summary judgment may rarely be appropriate for cases involving negligence, that is simply not the situation in this case. Our Supreme Court has been consistent and clear in its decisions regarding the differences in mere negligence and wantonness as required by the guest statute. See, for example, Dorman, 623 So.2d 1056; Cash, 603 So.2d 1001; and George, 591 So.2d 852.
It appears to me that the entry of summary judgment was proper and consistent with the law and prior holdings on this subject; therefore, I must respectfully dissent.
CRAWLEY, J., concurs.