Anderson's affidavit was the only evidence presented to support or to oppose the motion for a summary judgment. The burden was on Anderson, as the moving party, to make a prima facie showing that there was no genuine issue as to any material fact, and that she was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party."Capital Alliance Insurance Company v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994). Additionally, in reviewing the disposition of a motion for summary judgment, the appellate court utilizes the same standard as the trial court. ANCO TVCable Co. v. Vista Communications Ltd., 631 So.2d 860
(Ala. 1993).
The scant record reveals that on numerous occasions, the trial court granted Hughes's requests for continuances and multiple extensions of time to respond to the motion. Ultimately, Hughes filed a responsive pleading stating reliance on the definition of wantonness, citing the guest statute, and asserting that Anderson's affidavit provided "substantial evidence of wanton conduct."
When Hughes failed to appear for the scheduled hearing in March, the trial court again reset the hearing, warning that "[t]his case will not be continued again." Notwithstanding the trial court's repeated leniency and warnings, Hughes failed to provide any additional evidence and again failed to appear at the hearing.
The undisputed facts are that, as a favor to Hughes, Anderson was driving Hughes to her doctor. Before turning onto North Alice Street, Anderson "looked to see if any other vehicles were coming." Anderson did not see Dansby's approaching vehicle because the view was obstructed by other vehicles stopped in an inside lane, and, in Anderson's opinion, Dansby was unable to stop her vehicle due to the conditions of the road.
Viewing the undisputed facts of this case most favorably towards Hughes might support a conclusion that Anderson's act of pulling into the visually-obstructed intersection after failing to see any approaching vehicle, may have been due to negligence. George v. Champion Insurance Co., 591 So.2d 852
(Ala. 1991). The record is devoid of any evidence of wanton or willful conduct on the part of Anderson, and, at most, the only reasonable *Page 467 
inference that can be drawn from the evidence is that Anderson "failed to exercise good judgment in executing the turn."Partridge v. Miller, 553 So.2d 585, 588 (Ala. 1989). In factually similar cases, our Supreme Court has held that summary judgment, was proper on the issue of wantonness where, as here, the driver merely failed to see an oncoming car.Dorman v. Jackson, 623 So.2d 1056 (Ala. 1993); George, supra, Clearly, Anderson made a prima facie showing that there was no genuine issue of material fact regarding wantonness, i.e., "that she had not acted wantonly or willfully," and that she was entitled to a judgment as a matter of law on Hughes's claim under the guest statute. Cash v. Caldwell, 603 So.2d 1001, 1004
(Ala. 1992). Accordingly, the burden shifted to Hughes.
Although Hughes obviously recognized that the burden shifted to her, and that she was required to provide substantial evidence to rebut Anderson's prima facie showing, Hughes provided nothing. Hughes's argument that Anderson's affidavit provides "substantial evidence" that Anderson "acted in conscious disregard for the safety" of Hughes requires the illogical conclusion that the same undisputed evidence which negated the existence of wantonness also provided "substantial evidence" to create a genuine issue regarding wantonness. Mere logic dictates that Anderson's affidavit cannot negateand create a genuine issue of material fact on the same subject. While I note that summary judgment may rarely be appropriate for cases involving negligence, that is simply not the situation in this case. Our Supreme Court has been consistent and clear in its decisions regarding the differences in mere negligence and wantonness as required by the guest statute. See, for example, Dorman, 623 So.2d 1056; Cash,603 So.2d 1001; and George, 591 So.2d 852.
It appears to me that the entry of summary judgment was proper and consistent with the law and prior holdings on this subject; therefore, I must respectfully dissent.
CRAWLEY, J., concurs.