Because I believe the plaintiff presented substantial evidence of wantonness and because this case is distinguishable from Dorman v. Jackson, 623 So.2d 1056 (Ala. 1993), and Georgev. Champion Insurance Co., 591 So.2d 852 (Ala. 1991), I respectfully dissent.
Ms. Anderson stated in her affidavit: "I looked to see if any other vehicles were coming before I turned, but I could not see Mrs. Dansby's vehicle because other cars were stopped on the inside lane. I turned in front of Mrs. Dansby and she was unable to stop because the road was wet and slippery." I agree with the reasoning and analysis of Judge Monroe, writing for the Court of Civil Appeals:
 "Anderson's affidavit shows that she entered an intersection while the pavement was wet and slippery and that she attempted to turn left across the oncoming lane of traffic without being able to see whether the oncoming lane was clear of other vehicles. A jury could reasonably find this to be an act done with reckless disregard for the safety of her passengers. While Anderson relies on this evidence to show that she did not act wantonly, that evidence, as Hughes argues, could also support a finding that she acted with reckless indifference to the knowledge that injury could result, thereby creating a genuine issue of material fact."
682 So.2d at 466.
Had the evidence in this case reflected that Ms. Anderson attempted to look and yet failed to see the oncoming car, then I would be satisfied that this was a case of negligence and not wantonness. However, the facts indicate that Mrs. Anderson's view of the oncoming traffic was blocked and, therefore, that she made the left turn without being able to ascertain whether any traffic was coming; by doing so, she caused the collision. A jury could find that the left turn was made with a conscious disregard that Ms. Hughes would be exposed to a risk of injury or harm. I believe there are differences with a distinction between this case and the Dorman and George cases. In Dorman v.Jackson, supra, 623 So.2d at 1058, this court stated, "[T]he evidence indicates that Ms. Jackson slowed down before crossing the northbound lanes of traffic, and she stated that she merely failed to see the oncoming car." In George v. ChampionInsurance Co., supra, 591 So.2d at 854, we set out the evidence:
 "It was Sunday afternoon and a clear day. The occupants of the car were engaged in conversation. As the car approached the intersection . . ., Shannon [the driver] saw that the traffic light was green. She glanced back in conversation. When she looked forward, the traffic light was red. Scott [a passenger] cried out for her to stop. Shannon testified in her deposition that she tried to put her foot on the brake pedal, but missed and hit the clutch pedal. She ran the red light, and her automobile collided with a vehicle that was turning left in front of her."
In both Dorman and George, the evidence indicated inattention and carelessness; therefore, the evidence did not indicate the wantonness. The factor distinguishing this case from those cases is that Ms. Anderson made her turn without any knowledge whatever as to whether a car was coming — she admitted that her vision was blocked. She did not attempt to move forward to the point where her vision would no longer be obscured, so as to be able to see whether she could safely cross the opposite lane. Because I think the evidence in this case constitutes substantial evidence of wantonness, I dissent.
KENNEDY, J., concurs.