Michael L. **LETT**, Plaintiff,

v.

**RHODES, INC., d/b/a Rhodes Furniture, Defendant.**

**Civil Action No. 96–D–372–N.**

United States District Court, M.D. Alabama, Southern Division.

Feb. 25, 1997.

Julian L. McPhillips, Jr., Mary A. Goldthwaite, Montgomery, AL, for Plaintiff.

T. Randall Lyons, H.E. Nix, Jr., Montgomery, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Pending before the court is Defendant's motion for partial summary judgment as to the issue of wantonness filed on December 3, 1996. Plaintiff filed a response on December 18, 1996. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that Defendant's motion is due to be denied.

## JURISDICTION

Based upon 28 U.S.C. § 1332 and § 1441, the court properly exercises subject matter jurisdiction over this action. The parties do not contest personal jurisdiction or venue.

## STATEMENT OF FACTS

On June 28, 1994, Plaintiff went to Defendant's store located at 2525 Eastern Bypass in Montgomery, Alabama, to shop for furniture. He was accompanied by his stepbrother, Calvin Richardson ("Richardson"). Plaintiff and Richardson made their way to Defendant's credit booth which was located at the back of the store. The Plaintiff and Richardson sat in chairs at a desk located in the booth and began filling out credit application paperwork. While the Plaintiff was completing this paperwork, Mary Ann Silva ("Silva"), a showroom decorating employee employed by Defendant, entered the credit booth area.

According to the Plaintiff, Silva was carrying a lamp as she entered the credit booth area. He alleges that the lamp cord dragged behind the lamp as Silva entered the credit booth area. Silva then stepped between the Plaintiff and Richardson and placed the lamp on the desk in front of the Plaintiff. The Plaintiff alleges that Silva then began "snatching" on the lamp cord since it had become stuck on something. While Silva was pulling on the cord, it popped up and hit Plaintiff in the eye.

Silva recalls the events in a different manner. She remembers that she needed two more lamps to complete a room display that she was constructing. She saw one of the lamps sitting on the desk in front of the Plaintiff and proceeded to the credit booth area. Silva recalls approaching the desk so that Plaintiff's back was towards her as she approached. She remembers that a second male was standing in the booth area at the time she approached. She recalls reaching over the desk to secure the lamp. Carrying the lamp, she began walking away from the desk when the lamp's cord became caught on something. Feeling tension on the cord, Silva admits that she pulled on the cord in an attempt to free it from the obstruction. She also admits that her actions caused the cord to pop into the air so that it hit Plaintiff in the eye.

Plaintiff alleges that Defendant through its agent, Silva, acted in a negligent and/or wanton manner to cause Plaintiff's injury. Defendant now files a partial motion for summary judgment as to the issue of wantonness.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete

failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Supreme Court of the United States has noted, on the other hand, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

At the summary judgment stage, the court must construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553 (citing Fed.R.Civ.P. 56(c)). Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* at 587, 106 S.Ct. at 1356; *see also Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

## DISCUSSION

■ In addition to his claim of negligence, Plaintiff also brings a claim of wantonness against the Defendant. Under Alabama law, wantonness is defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *Ala.Code* § 6–11–20(b)(3) (1993). In order to submit a claim of wantonness to the jury, the plaintiff must offer "clear and convincing" evidence that the defendant acted with reckless or conscious disregard or with "some degree of conscious culpability." *George v. Champion Insurance Co.,* 591 So.2d 852 (Ala.1991); *see also Pitt v. Century II, Inc.,* 631 So.2d 235 (Ala.1993). Put another way, a plaintiff claiming wantonness under Alabama law, must show that "a defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty with *knowledge* of the existing conditions and that this act or omission would likely or probably lead to the plaintiff's injury." *Richards v. Michelin Tire Corp.,* 21 F.3d 1048, 1057 (11th Cir.1994) (citing *Joseph v. Staggs,* 519 So.2d 952, 954 (Ala.1988); *Lakeman v. Otis Elevator Co.,* 930 F.2d 1547, 1553 (11th Cir.1991)).

■ The Plaintiff has made such a showing in this instance. While the Plaintiff and Silva describe the events differently, either version of events could lead a reasonable juror to conclude that Silva acted wantonly when she allegedly caused the injury to Plaintiff's eye. Under the Plaintiff's version of events, a juror could reasonably conclude that Silva knew injury was probable once she began "snatching" on the cord in close prox-

imity to Plaintiff and Richardson. In her version, Silva acknowledges that she felt tension as she removed the lamp from the desk. Despite this indication of trouble, she continued to pull the cord.

The court finds that the Plaintiff has raised a material issue of fact on the issue of wantonness. Therefore, the court finds that Defendant's motion for summary judgment on Plaintiff's wantonness claim is due to be denied.

## CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that Defendant's partial motion for summary judgment as to wantonness be and the same is hereby DENIED.