Felicia Coffey appeals from summary judgments in favor of Carolyn Sue Moore and Metropolitan Property and Casualty Insurance Company ("Metropolitan"). The primary issue presented by this appeal is whether the owner, or in this case a bailee,[1] of a vehicle may become a guest under Alabama's guest statute, § 32-1-2, Ala. Code 1975, during a road trip in which the owner/bailee and a friend share in the driving of a rented vehicle. We hold that the owner/bailee of the vehicle is not the guest of the friend/driver while riding in his own vehicle. Consequently, we reverse and remand.
 I. Case History
In November 2000, Felicia Coffey[2] rented an automobile from a national rental-car agency in Memphis, Tennessee, to drive to Tallahassee, Florida, to visit her daughter. Coffey asked her friend Carolyn Sue Moore to accompany her on the trip. Moore accepted the invitation and volunteered to drive if Coffey became tired. Coffey and Moore each paid all of their own personal expenses on the trip. Moore was not listed as a potential driver on the rental agreement Coffey executed, nor did she contribute to any of the expenses involved in the operation of the automobile.
On the return trip, Moore was driving while Coffey was asleep in the backseat. Moore attempted to change lanes and lost control of the vehicle when it swung wide and the driver's side rear wheel left the paved roadway. When the rear wheel again made contact with the pavement, the vehicle spun, rolled over about three times, and came to rest straddling a ditch.
On December 2, 2002, Coffey sued Moore, seeking damages for injuries she sustained as a result of the accident; she also sued Metropolitan seeking uninsured/underinsured-motorist benefits under an automobile liability insurance policy she held with Metropolitan. Moore and *Page 546 
Metropolitan filed motions for a summary judgment. In support of her motion, Moore argued that Coffey was a "guest" under Alabama's guest statute, § 32-1-2, Ala. Code 1975, and that, consequently, she could not recover against Moore absent willful or wanton misconduct on Moore's part. Because the parties had stipulated that Moore was not liable for willful or wanton misconduct, Moore argued that she could not be liable to Coffey, who, she says, was a guest in the vehicle. For its part, Metropolitan argued that the bar against Coffey under the guest statute also barred any recovery under the uninsured/underinsured-motorist provisions of Coffey's automobile insurance policy.
The trial court ruled "[t]hat the claims of [Coffey] are barred under Ala.Code [1975,] § 32-1-2, the Alabama Guest Statute, and that there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law." Coffey appealed, arguing that the trial court erred in entering summary judgments for Moore and Metropolitan.
 II. Standard of Review
"We review the trial court's entry of a summary judgment de novo." Hollingsworth v. City of Rainbow City,826 So.2d 787, 789 (Ala. 2001). In reviewing a motion for a summary judgment, we determine whether there is a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P; Bussey v.John Deere Co., 531 So.2d 860, 862 (Ala. 1988); andWright v. Wright, 654 So.2d 542 (Ala. 1995). When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. McClendon v. Mountain Top Indoor FleaMarket, Inc., 601 So.2d 957, 958 (Ala. 1992). Evidence is considered "substantial" if it is of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved. West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Further, the evidence is viewed in the light most favorable to the nonmoving party. Hobsonv. American Cast Iron Pipe, 690 So.2d 341 (Ala. 1997).
 III. Analysis
The relevant portion of the guest statute reads:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
§ 32-1-2, Ala. Code 1975.
This Court discussed the purpose of the guest statute, enacted in 1935, and the "generous" host as the intended beneficiary inBlair v. Greene, 247 Ala. 104, 109, 22 So.2d 834, 837
(1945):
 "The situation that [the guest] statute was apparently designed to prevent is well known. As the use of automobiles became almost universal, many cases arose where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly the legislature in adopting this act reflected a certain natural feeling as to the injustice of such a situation. The terms of the statute should be construed with their intent *Page 547 
and purpose in view, and the purpose and object that the legislature had in mind sometimes throws light upon the meaning of the language used."
Only a host can offer a ride to a guest, so the intended beneficiary of the statute is clearly the host, and not the guest.
Because the statute does not define the term "guest," we turn to caselaw for a definition:
 "'"The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, goodwill or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and [the] driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest."`"
Cash v. Caldwell, 603 So.2d 1001, 1003
(Ala. l992) (quoting Wagnon v. Patterson, 260 Ala. 297,303, 70 So.2d 244, 249 (1954), quoting in turn Hasbrook v.Wingate, 152 Ohio St. 50, 56-57, 87 N.E.2d 87, 91 (1949)).
Moore and Metropolitan assert that Coffey became a guest for the purposes of the application of the guest statute either when she allowed Moore to drive or when she fell asleep in the backseat. They argue that because Coffey received no payment, conferred or received no benefit, and was on a purely social trip with Carolyn Moore, Coffey is properly classified as a "guest" under Alabama law and, as a guest, is precluded from recovering damages against Moore and Metropolitan. They also argue that public policy dictates that Moore and Metropolitan should not be held liable to Coffey for damages. Moore and Metropolitan emphasize that the wording of the guest statute designates the owner, the operator, or the person responsible for the operation of the vehicle as immune from liability on civil claims alleging torts based in negligence; they assert that such wording indicates that the status of owner and guest may change during the course of a road trip.
This Court has not directly addressed the issue whether, under circumstances like those before us, the status of an owner may change during a road trip so that the owner becomes the guest. The most factually similar case is Richards v. Eaves,273 Ala. 120, 135 So.2d 384 (1961). In that case, this Court was unwilling to hold, as a matter of law, that a deceased passenger had been a guest, within the meaning of the guest statute, of the driver, who was operating a vehicle that had been loaned to the decedent by the decedent's father. The Richards
Court cited cases from other jurisdictions as authority for its unwillingness to treat the deceased passenger as a guest. A case that is more directly analogous to this case is the decision by the Supreme Court of Georgia in Crider v. Sneider,243 Ga. 642, 256 S.E.2d 335 (1979):
 "[T]he question presented is whether the owner of an automobile becomes the guest passenger by reason of the fact that another occupant in the automobile assumes the driving.
 "Other courts have addressed this question and, `the majority of the decided cases hold that the owner of an automobile is not the guest of the driver while riding in his own car. Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379 (1936); Lorch v. Eglin, 369 Pa. 314, *Page 548 85 A.2d 841 (1952); Ahlgren v. Ahlgren, 152 Cal.App.2d 723, 313 P.2d 88 (1957); Naphtali v. Lafazan, 7 Misc.2d 1057, 165 N.Y.S.2d 395
(1957)[,] affirmed 8 A.D.2d 22, 186 N.Y.S.2d 1010; Leonard v. Helms, 269 F.2d 48 (C.A.4, 1959); Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732 (1960); Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122 (1960) (motion to certify to Supreme Court of Ohio overruled); Peterson v. Winn, 84 Idaho 523, 373 P.2d 925 (1962). See Annotation, 65 A.L.R.2d 312. . . .'"
243 Ga. at 646, 256 S.E.2d at 338.
An American Law Reports annotation under the title "Automobile: Guest Statute," states:
 "Status of host vehicle owner, or, as in the instant case, status of bailee of vehicle owner, is not changed by reason of the fact that he permits his guest passenger to drive. Degenstein v. Ehrman, 145 N.W.2d 493 (N.D. 1966) (citing annotation).
 "Status of host under guest statute is not changed by reason of fact that he permits his guest to do part of the driving, and mere fact that plaintiff fell asleep in his vehicle while defendant was driving does not of itself establish as a matter of law that plaintiff thereby became a guest in his own car or that his status was thereby changed from that of host to that of guest. Froemke v. Hauff, 147 N.W.2d 390
(N.D. 1966)."
Annotation, Automobile: Guest Statute, 65 A.L.R.2d 312 (2004) (Later Case Service).
We find the reasoning in Crider and in AmericanLaw Reports to be persuasive and the arguments of Moore and Metropolitan to be without merit. Moore and Metropolitan rely on the assumption that the status of a guest may change from a guest into an "owner, operator or person responsible for the operation of a motor vehicle" under the statute merely by virtue of the guest's taking the wheel to spell the driver. Similarly, they assume that an "owner" may become a "guest" by virtue of falling asleep in the backseat of the car while another is driving. Although this approach of changeable status may seem helpful to assign liability in certain circumstances, in other circumstances it could make a consistent standard for liability impossible. For example, it could be impossible to pinpoint just when a change in status occurred, and thus liability attached, such as when an accident occurs while the vehicle was parked and the two parties were changing places. Consequently, under the circumstances of this case, we hold that Moore's classification as a guest under Alabama's guest statute was determined at the inception of the journey, and the simple act of changing drivers did nothing to affect or alter this classification.
 IV. Conclusion
Under Alabama's guest statute, Moore was the guest and Coffey the host. Consequently, the trial court erred in entering a summary judgment for Moore, based on the erroneous holding that Coffey's status had changed from host to guest and that such change in status had thereby conferred immunity on Moore. Furthermore, because a summary judgment was entered for Metropolitan based on the theory that Moore's immunity under the guest statute extended to Metropolitan as Coffey's insurer, the trial court also erred in entering a summary judgment for Metropolitan. We therefore reverse the summary judgments and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.
[1] For the purposes of the facts of this case, a bailee, a person who has rented a vehicle, and an owner are considered to be the same.
[2] The appellant's name is spelled variously as "Coffey," "Coffee," and "Collee" in the briefs to this Court. *Page 549