Richard J. Tonini, Denise M. Tonini, the estate of Lauren B. Tonini, and State Auto Insurance Company (hereinafter collectively referred to as "the Toninis") filed a declaratory-judgment action naming Justin Campagna ("Justin") as the defendant. The Toninis sought a number of declarations regarding Lauren's estate's potential liability in an action they anticipated Justin would bring against the estate. The issue relevant to this appeal was whether Justin was a "guest" as that term is used in § 32-1-2, Ala. Code 1975, which is known as Alabama's guest statute.
Justin moved for a summary judgment on the guest-statute issue, and on June 1, *Page 267 
2007, the trial court granted that motion. The trial court certified its summary judgment in favor of Justin as final pursuant to Rule 54(b), Ala. R. Civ. P. The Toninis timely appealed. The supreme court transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975.
The record indicates that in 2003 Lauren Tonini ("Lauren") and Justin were both students attending Auburn University. During the weekend of September 5 through September 7, 2003, Justin and Lauren visited Justin's family in Georgia and attended a college football game together. Justin and Lauren traveled in a vehicle owned by Justin's father; Justin's father had given the vehicle to Justin to drive while he was in college. It is undisputed that Lauren was Justin's guest and that Justin or his family paid all the expenses associated with the trip.
On the evening of September 7, 2003, Justin and Lauren left Justin's parents' home in Georgia for the trip back to Auburn University. Justin did not feel well, so Lauren drove the vehicle while Justin slept in the front seat. Before they reached Auburn, and while Justin was still sleeping, Lauren apparently lost control of the vehicle. The vehicle rolled several times in the ensuing accident. The accident resulted in Lauren's death, and Justin was paralyzed from the chest down as a result of the accident.
The record indicates that Lauren's estate and Justin each filed an action in Georgia against the manufacturer of Justin's vehicle. The Toninis anticipated that Justin also might assert claims against Lauren's estate (as he eventually did), and, therefore, they filed the declaratory-judgment action that forms the basis of this appeal. In that action, the Toninis sought a number of different declarations, including that Lauren was neither negligent nor wanton; that Justin was contributorily negligent; and that Justin was a guest in the vehicle and, therefore, that Alabama's guest statute barred any claims he might assert against Lauren's estate. The trial court's June 1, 2007, summary-judgment order indicates that, at the time of the entry of that judgment, the parties agreed that the only issue to be decided by the trial court was whether the guest statute precluded Justin's claims against Lauren's estate.[1] The judgment indicates that the parties had agreed that Justin's claims and the other issues raised in the declaratory-judgment action would be resolved in the actions pending in Georgia. However, because the parties had not yet filed motions to dismiss the other claims, the trial court certified its judgment in favor of Justin as final pursuant to Rule 54(b).
On appeal, the Toninis argue that the trial court erred in concluding that Justin was not a "guest" under the provisions of the guest statute. Alabama's guest statute provides:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
§ 32-1-2, Ala. Code 1975. The Toninis alleged in their complaint seeking a declaratory judgment that the guest statute applied *Page 268 
as a defense against claims Justin might assert against Lauren's estate; they argued that because Justin was asleep in the vehicle while Lauren drove, Justin was a guest in the vehicle at the time of the accident.
During the pendency of the Toninis' declaratory-judgment action, our supreme court released its opinion in Coffey v.Moore, 948 So.2d 544 (Ala. 2006). The trial court relied on that case in entering its summary judgment in favor of Justin. In Coffey v. Moore, supra, Coffey rented an automobile and invited her friend, Moore, to travel with her in the automobile to visit Coffey's daughter in Florida. Coffey paid all the expenses pertaining to the automobile, and each party paid her own personal expenses during the trip. Although she was not listed as a potential driver of the automobile on the rental agreement, Moore offered to drive if Coffey was tired. On the return trip, the parties were involved in an accident while Moore was driving and Coffey was sleeping in the back seat; the accident was caused by Moore's losing control of the automobile. Coffey sued Moore, seeking damages for injuries she sustained in the accident, and Moore asserted Alabama's guest statute as a defense. The trial court entered a judgment finding that Coffey's claims were barred by the guest statute.
On appeal, our supreme court reversed the trial court's judgment. The court initially noted that Coffey's status as the bailee of the automobile was equivalent to that of an owner of the automobile. Coffey v. Moore, 948 So.2d at 545
n. 1. In addressing the merits, the court concluded that the owner of an automobile is not a guest in that automobile merely because another party is driving and the owner is a passenger.Coffey v. Moore, 948 So.2d at 547-48. The court held that, in that case, the status of Moore as a guest in Coffey's automobile was established "at the inception of the journey."Id. at 548. In so holding, the court stated:
 "Only a host can offer a ride to a guest, so the intended beneficiary of the statute is clearly the host, and not the guest.
 "Because the statute does not define the term `guest,' we turn to caselaw for a definition:
 "`"`The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, goodwill or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and [the] driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.'"'
 "Cash v. Caldwell, 603 So.2d 1001, 1003
(Ala. 1992) (quoting Wagnon v. Patterson, 260 Ala. 297, 303, 70 So.2d 244, 249 (1954), quoting in turn Hasbrook v. Wingate, 152 Ohio St. 50, 56-57, 87 N.E.2d 87, 91 (1949))."
Coffey v. Moore, 948 So.2d at 547. The court adopted the following reasoning in reaching its holding:
 "`[T]he question presented is whether the owner of an automobile becomes the guest passenger by reason of the fact that another occupant in the automobile assumes the driving.
 "`Other courts have addressed this question and, "the majority of the decided cases hold that the owner of an *Page 269 
automobile is not the guest of the driver while riding in his own car. Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379 (1936); Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841 (1952); Ahlgren v. Ahlgren, 152 Cal.App.2d 723, 313 P.2d 88 (1957); Naphtali v. Lafazan, 7 Misc.2d 1057, 165 N.Y.S.2d 395 (1957)U affirmed 8 A.D.2d 22, 186 N.Y.S.2d 1010; Leonard v. Helms, 269 F.2d 48 (C.A.4, 1959); Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732 (1960); Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122 (1960) (motion to certify to Supreme Court of Ohio overruled); Peterson v. Winn, 84 Idaho 523, 373 P.2d 925 (1962). See Annotation, 65 A.L.R.2d 312. . . ."'
"[Crider v. Sneider,] 243 Ga. [642,] 646,256 S.E.2d [335,] 338 [(1979)].
"An American Law Reports annotation under the title `Automobile: Guest Statute,' states:
 "`Status of host vehicle owner, or, as in the instant case, status of bailee of vehicle owner, is not changed by reason of the fact that he permits his guest passenger to drive. Degenstein v. Ehrman, 145 N.W.2d 493 (N.D. 1966) (citing annotation).
 "`Status of host under guest statute is not changed by reason of fact that he permits his guest to do part of the driving, and mere fact that plaintiff fell asleep in his vehicle while defendant was driving does not of itself establish as a matter of law that plaintiff thereby became a guest in his own car or that his status was thereby changed from that of host to that of guest. Froemke v. Hauff, 147 N.W.2d 390
(N.D. 1966).'
 "Annotation, Automobile: Guest Statute, 65 A.L.R.2d 312 (2004) (Later Case Service)."
Coffey v. Moore, 948 So.2d at 547-48.
The Toninis attempt to distinguish the facts of this case from those in Coffey v. Moore, supra. The Toninis contend that because Justin's father owned the vehicle, Justin was not in the same position as Coffey, the bailee in Coffey v.Moore, supra. We must disagree. Although Justin did not hold title to the vehicle, he had had sole possession of it for at least two years before the September 7, 2003, accident. Justin's interest in the vehicle was very similar to that of Coffey's in Coffey v. Moore, supra.[2] Further,Coffey v. Moore, supra, establishes that the status of the guest is established at the inception of the journey, and it follows that the host's status is also established at that time. Thus, it is clear that from the facts of this case, even if Justin cannot be said to be the "owner" of the vehicle, he was, under the holding of Coffey v. Moore, supra, the "operator or person responsible for the operation" of the vehicle, see § 32-1-2, and Lauren was the guest in the vehicle.
With regard to this argument, the Toninis also argue that Justin's father, as the owner of the vehicle, designated Lauren as the "person responsible for the operation" of the vehicle when Justin and Lauren left Georgia. In support of that argument, the Toninis cite a portion of the deposition of Justin's father. The evidence is quoted in the Toninis' brief submitted to this court, but it was not submitted to the trial court and is not a part of the record on appeal. Accordingly, we may not consider those purported statements because *Page 270 
they are not contained in the record on appeal. Wal-MartStores, Inc. v. Goodman, 789 So.2d 166, 176 (Ala. 2000) ("This Court is limited to a review of the record, and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel."). Further, we note that the portion of the deposition to which the Toninis refer indicates only that Justin's mother suggested that Lauren drive and that Justin's father assumed that Justin agreed with that suggestion. Thus, the statements purportedly made by Justin's father in his deposition would not tend to support the Toninis' argument on this issue.
The Toninis also contend that the return trip to Auburn from Georgia was a separate journey from the trip to Georgia and that, because Lauren drove on the return trip, she was the "operator and person responsible for the operation" of the vehicle. See § 32-1-2, Ala. Code 1975. The Toninis argue that Justin's status as a guest under the guest statute was established "at the inception of the return trip. SeeCoffey v. Moore, 948 So.2d at 548. However, in Coffeyv. Moore, supra, the accident occurred as the parties were returning from their destination. Under that authority, we must also conclude that the return trip to Auburn was a part of the journey to Georgia undertaken by Lauren and Justin and that Lauren's status as a guest and Justin's status as the host were established when the pair left Auburn to begin the trip to and from Georgia.
The facts of this case are strikingly similar to those ofCoffey v. Moore, supra. In both cases, the de facto owner of the vehicle invited a guest to travel with him or her on a trip. In both cases, the owner was asleep and the guest was driving during the return trip when an accident occurred. Our supreme court has considered the application of the guest statute in situations in which the guest is driving and the owner of the vehicle is a passenger and has concluded that the owner's status as host is not altered merely because the owner of the vehicle is a passenger in the vehicle at the time of the accident giving rise to the guest's claim. Coffey v.Moore, supra. This court is bound by the precedent established by our supreme court. § 12-3-16, Ala. Code 1975;Farmers Ins. Exch. v. Raine, 905 So.2d 832, 835
(Ala.Civ.App. 2004). Accordingly, based on the holding in Coffeyv. Moore, supra, we hold that the trial court did not err in determining that Justin was not a guest in the vehicle at the time of the September 7, 2003, accident.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] Justin had asserted claims against Lauren's estate by the time of the entry of the summary judgment.
[2] A "bailment" is "[a] delivery of personal property by one person (the bailor) to another (the bailee) who holds the property for a certain purpose under an express or implied-in-fact contract. Unlike a sale or gift of personal property, a bailment involves a change in possession but not in title." Black's Law Dictionary 151-52 (8th ed. 2004).